1
2
3
4
5
6
7
8
9
10
11
12
13

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROBERT W. ROODE,

          Plaintiff,

    v.

ARISTA, LLC, et al.,

          Defendants.

_____/

Case No.  1:14-mc-00024-AWI-SKO

**ORDER GRANTING DEFENDANTS'
MOTION FOR LEAVE TO TAKE
DEPOSITION OF A PRISONER**

(Doc. 11)

## I.   INTRODUCTION

      Currently before the Court is Investment Resource Partners, Inc. and LPL Financial Corporation's ("Defendants") "Motion for Leave to Take Deposition In Prison."  (Doc. 11.)  No opposition to the motion has been filed.  For the reasons set forth below, Defendants' motion is GRANTED.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This civil action arises out of underlying litigation currently proceeding in Orange County Superior Court, Case No. 30-2012-00558476-CU-FR-CJC ("Orange County Litigation"), wherein Investment Resources Partners, Inc., LPL Financial Corporation, and Reniero C. Francisco are all named defendants.  Mr. Francisco was also the subject of a criminal action that was pending in the United States District Court for the Eastern District of New York.   At the conclusion of the criminal proceeding, Mr. Francisco was sentenced to a prison term and immediately taken into custody.  (Doc. 12-2, Exhibit B.)

On February 5, 2014, Investment Resource Partners, Inc. and LPL Financial Corporation ("Defendants") filed a miscellaneous case in the United States District Court for the Eastern District of New York seeking an order permitting them to take the deposition of Mr. Francisco in connection with the Orange County Litigation.  (Doc. 1.)  In support of their request to depose Mr. Francisco, Defendants indicated that Mr. Francisco was currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York.[1]   Defendants asserted he had knowledge and information directly related and material to the subject matter of the Orange County Litigation, and it was necessary to take his deposition.

On February 14, 2014, the U.S. District Court for the Eastern District of New York issued an order noting that Mr. Francisco had been transferred to a federal facility in Oklahoma City, Oklahoma.  As such, the court ordered Defendants to show cause why the case should not be transferred to the Western District of Oklahoma or dismissed without prejudice.

On February 20, 2014, Defendants filed a letter brief stating Mr. Francisco had been "moved once more, probably to a state holding facility, until he is finally relocated in a more permanent federal facility."  (Doc. 3.)  On March 5, 2014, Defendants filed a motion to transfer venue because Mr. Francisco had been relocated to the Federal Correctional Institution in Mendota, California ("FCI Mendota").  On March 6, 2014, the case was transferred to the U.S. District Court for the Eastern District of California.

---

[1] Prior to seeking the deposition of Mr. Francisco, Defendants obtained an order from the Orange County Superior Court authorizing a deposition of Mr. Francisco to be taken in the state of New York.

On March 27, 2014, following the transfer of venue, Defendants renewed their motion for an order permitting the deposition of prisoner Reniero C. Francisco.  (Doc. 11.)   The Court ordered that Defendants serve the motion on Mr. Francisco; Defendants filed a certificate of service indicating Mr. Francisco was served with the motion by mail on April 8, 2014.  (Doc. 15.)

### III.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 30(a)(2), a party must obtain a court order to conduct a deposition if the deponent is confined in prison.  Defendants believe that Mr. Francisco has information directly related and material to the Orange County Litigation.  Defendants contend Mr. Francisco is a witness with personal knowledge of pertinent facts that are crucial to Defendants' defenses.   Specifically, Defendants note that the plaintiffs in the Orange County Litigation allege Mr. Francisco made misrepresentations in connection with investments in a company called Arista, LLC, and that he set up numerous companies which he used to fraudulently misappropriate the plaintiffs' funds.  The plaintiffs contend Mr. Francisco created false account statements and tax forms to perpetrate the fraud and to conceal his misappropriation of the plaintiffs' funds.  The plaintiffs maintain that Defendants are vicariously liable for Mr. Francisco's alleged misconduct.   Defendants believe that Mr. Francisco will testify that Defendants had no involvement in the alleged misconduct, and that Mr. Francisco's company, Arista, LLC, was entirely separate from Defendants, and that he intentionally concealed Arista, LLC from Defendants.

Mr. Francisco's prison sentence is not scheduled to end until November 28, 2020, and Defendants contend it is highly unlikely he will be able to attend the trial in the underlying action to provide testimony.   Specifically, FCI Mendota where Mr. Francisco is incarcerated is approximately 266 miles from the courthouse in the underlying action, making it improbable that he will be permitted to leave FCI Mendota to attend trial or give testimony.   Thus, taking Mr. Francisco's deposition in prison will "likely be the only opportunity for Defendants to preserve his testimony for use at trial."  (Doc. 1, 14:22-23.)

Mr. Francisco has been served with a copy of Defendants' motion, and no opposition has been filed by any party.  Defendants have sufficiently set forth grounds to order the deposition of

Mr. Francisco, including that his deposition testimony is material to Defendants' defenses in the Orange County Litigation and because Mr. Francisco's ability to attend trial or give oral testimony appears unlikely given his incarceration at a facility located over 200 from courthouse where the trial will take place.  Thus, the Court finds good cause and hereby grants Defendants' motion to take the deposition of Mr. Francisco.

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the deposition of Reniero C. Francisco shall be taken in FCI Mendota, at a time that is convenient for the prison facility, but no later than May 12, 2014.

IT IS SO ORDERED.

Dated:   **April 22, 2014**                    **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE